# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GLADSTONE McDOWELL & ) <br> CURTIS PITTER, ) <br> Defendants. ) <br> ) | Case No. 09-20133 |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Gladstone McDowell and Curtis Pitter's ("Michael Francois") joint motion for dismissal of indictment and charges due to lack of subject matter jurisdiction (doc. 481) filed on October 27, 2010. Mr. Pitter previously filed a motion for dismissal of indictment (doc. 347) on September 7, 2010, which raised issues identical to those addressed in the motion now before the Court, and is thereby incorporated into the present motion. On November 4, 2010, the government filed a response to the joint motion to dismiss (doc. 496). The Court held a hearing on November 19, 2010 and took the matter under advisement. After thoroughly considering the parties' submissions and arguments, for the reasons set forth below, the Court denies Mr. Pitter and Mr. McDowell's joint motion.

**1. Grand Jury Selection**

Mr. Pitter and Mr. McDowell first argue that because they were not permitted to

attend or participate in the selection of the grand jury, they were denied their due process rights, and as a result, the case should be dismissed for lack of subject matter jurisdiction. Mr. Pitter and Mr. McDowell allege they ought to have been allowed to be present for the selection of the grand jury for the opportunity to object, as permitted by the Federal Rules of Criminal Procedure, to any part of the process conducted in violation of 28 U.S.C. § 1861 et seq. The government contends, on the other hand, that Mr. Pitter and Mr. McDowell misapprehend the appropriate timing for challenging the composition of the grand jury. Because business of the grand jury is secret and selection of the grand jury oftentimes takes place before a crime is even committed, the government submits that it would be irrational for a defendant to be able to challenge the grand jury at the time of selection.

According to Mr. Pitter and Mr. McDowell, Rule 6 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 1867 guarantee a party the opportunity to object to the grand jury or an individual grand juror at the time of the selection process. Rule 6 provides:

> "(b)(1) Challenges. Either the government or a defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified.
> (2) A party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification, unless the court has previously ruled on the same objection under Rule 6(b)(1). The motion to dismiss is governed by 28 U.S.C. § 1867(e)."

Fed. R. Crim. P. 6(b)(1)-(2). The rule does not explicitly state, nor does it suggest, that a

defendant has the right to be present during the grand jury selection or to challenge the selection process at that time.

The Jury Selection and Service Act, 28 U.S.C. § 1861 et seq., governs the selection of grand and petit juries in federal court, and section 1867 provides the exclusive means by which a party may challenge grand jury selection procedures. *United States v. Contreras*, 108 F.3d 1255, 1267 (10th Cir. 1997). The procedural requirements are designed to give the district court an opportunity to evaluate the alleged noncompliance and to correct such noncompliance before judicial resources are invested in a trial. *Id.* at 1266 (citing *United States v. Kennedy*, 548 F.2d 608, 612-14 (5th Cir. 1997)). Section 1867(a) articulates that challenges to procedures under the Act must be made before voir dire examination begins or within seven days after the defendant discovered or could have discovered the grounds therefore. 28 U.S.C. § 1867(a). It does not state, however, that such challenges may be made during the selection process itself. Mr. Pitter and Mr. McDowell have not provided, nor has the Court's independent research revealed, any case law that recognizes the power of a party to challenge the grand jury at the time of its selection.

Furthermore, the Court has already ordered that Mr. McDowell, through counsel, be allowed to inspect the master jury wheel and completed jury qualification forms used to determine the jury wheel, to determine whether a challenge to the composition of the grand jury or to a particular grand juror's qualifications is appropriate (doc. 411). Should Mr. Pitter and Mr. McDowell wish to object to the grand jury selection process or

qualifications of individual grand jurors, they must do so in accordance with 28 U.S.C. § 1867 and only after reviewing the relevant materials made available as ordered by the Court.

As part of their argument regarding the grand jury selection process, Mr. Pitter and Mr. McDowell claim that the case should be dismissed because the indictment was not returned in open court as required by Rule 6(f) of the Federal Rules of Criminal Procedure. Rule 6(f) states in relevant part that "the grand jury – or its foreperson or deputy foreperson – must return the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f). The government points out that indictments are, as part of typical procedure, presented in open court to a district or magistrate judge by the foreperson after the grand jury has finished its business for the month. It clear from the transcript of the grand jury's return of the indictment to Judge Lungstrum on November 5, 2009 (doc. 563, att. 1) and superseding indictment to Judge Murguia on November 4, 2010 (doc. 563, att. 2) that Rule 6(f) procedures were properly followed in this case.

**2. Filing of Indictment**

The indictment against Mr. Pitter and Mr. McDowell was filed on November 5, 2009 (doc. 1), and Defendants were subsequently arrested on December 2, 2009. Mr. Pitter and Mr. McDowell claim that the indictment was prematurely filed, as it was not filed within thirty days *after* arrest as described in 18 U.S.C. § 3161(b). As a result, Mr. Pitter and Mr. McDowell suggest that the case be dismissed for lack of subject matter jurisdiction.

4

Mr. Pitter and Mr. McDowell misconstrue the purpose of 18 U.S.C. § 3161(b). Section 3161(b) is part of the Speedy Trial Act, the purpose of which is to provide a defendant with prompt judicial resolution of the charges against him and to prevent prejudice caused by extended pretrial incarceration. *See United States v. Seltzer*, 595 F.3d 1170, 1180 (10th Cir. 2010). The relevant provision of the Speedy Trial Act requires that the government file an information or indictment within thirty days of a defendant being arrested or served a summons. *United States v. Cone*, 310 F. App'x 212, 215 (10th Cir. 2008) (citing 18 U.S.C. § 3161(b)). Section 3161(b) is related to a defendant's right to a speedy trial, within 70 days from the filing of the indictment or from the date the defendant appeared before a judge, whichever is later, subject to certain exclusions. 18 U.S.C. § 3161(c)(1). The government correctly points out that section 3161(b) does not require that a defendant be arrested prior to presenting the case to a grand jury or filing an indictment. *See United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982) ("When the a defendant is indicted prior to his arrest, the 70 day pretrial period runs from the date of his arraignment."). Rather, section 3161(b) is meant to ensure that the government presents the case to a grand jury for indictment within 30 days of a defendant's arrest. In the case at hand, this requirement was satisfied.

### 3. Filing of Complaint

Rule 3 of the Federal Rules of Criminal Procedure states that a complaint "is a written statement of the essential facts constituting the offense charged. It must be made

5

under oath before a magistrate judge or, if none is reasonably available, before a state or local judicial officer." Fed. R. Crim. P. 3. Mr. Pitter and Mr. McDowell contend that this rule necessitates that the government present a complaint to a judge prior to arresting a defendant, and because in this case the government failed to file a complaint, the case should be dismissed for lack of subject matter jurisdiction. The government counters that while Rule 3 allows the government to charge a defendant via complaint and then obtain an arrest warrant, a complaint is not the only mechanism by which charges can be brought. Charging by complaint, according to the government, is in fact only a temporary procedure that allows a magistrate judge to issue a warrant effective only until an indictment can be presented to a grand jury.

While it is true that an arrest warrant may be issued only after the reviewing judge determines that there is probable cause present to support the detention of a person, it does not follow that probable cause may only be ascertained from a complaint. For an arrest warrant to be valid, there must be facts or information affording sufficient basis for a finding of probable cause to believe an offense has been committed. *See Hollingsworth v. United States*, 321 F.2d 342, 348 (10th Cir. 1963). An arrest warrant can be based upon an indictment, because the grand jury's determination that probable cause existed for the indictment also establishes that element of probable cause for the purpose of issuing a warrant for the apprehension of the person so charged. *Giordenello v. United States*, 357 U.S. 480, 485 (1958). In the absence of an indictment, however, the issue of probable cause must be determined by the magistrate, and an adequate basis for such a

finding must appear on the face of the complaint. *Id*.

In this case, the grand jury made its probable cause finding based on evidence presented during grand jury proceedings, and therefore no complaint was necessary. Rule 6(f) assumes the nonessential status of a complaint in the criminal context:

> A grand jury may indict only if at least 12 jurors concur. The grand jury – or its foreperson or deputy foreperson – must return the indictment to a magistrate judge in open court. If a complaint or information is pending against the defendant and 12 jurors do not concur in the indictment, the foreperson must promptly and in writing report the lack of concurrence to the magistrate judge.

Fed. R. Crim. P. 6(f). The rule does not state that a complaint *must* be pending against a defendant before presentation of evidence to a grand jury. In fact, Rule 6(f) contemplates that sometimes a complaint is not pending when the grand jury meets. Here, the grand jury appropriately returned an indictment based on probable cause found during grand jury proceedings. No complaint was necessary.

### 4. Preliminary Hearing

Mr. Pitter and Mr. McDowell argue that they were never afforded a preliminary hearing as directed by Rule 5 of the Federal Rules of Criminal Procedure, and therefore, the case should be dismissed for lack of subject matter jurisdiction. According to Rule 5(c)(3)(C), if the initial appearance by a defendant occurs in a district other than where the offense was allegedly committed, the magistrate judge must conduct a preliminary hearing if required by Rule 5.1. Fed. R. Crim. P. 5(c)(3)(C). Rule 5.1 provides that if a defendant is charged with a non-petty offense, a magistrate judge must conduct a

7

preliminary hearing unless the defendant waives the hearing or is indicted. Fed. R. Crim. P. 5.1.

The rule relied upon by Mr. Pitter and Mr. McDowell is inapplicable to the facts in this case. There is no requirement in the Constitution or otherwise that a defendant be given a preliminary hearing before he may be brought into a court already having jurisdiction of the charge against him. *Barrett v. United States*, 270 F.2d 772, 775 (8th Cir. 1959). Mr. Pitter and Mr. McDowell initially appeared in the district where they were charged (docs. 5, 49). Thus, Rule 5(c)(3)(C) is irrelevant. Furthermore, Mr. Pitter and Mr. McDowell were indicted, and as a result, they had no right to a preliminary hearing as described in Rule 5.1. Where the defendant is already indicted, no purpose is served by a preliminary hearing. *See Barrett*, 270 F.2d at 776; *Swingle v. United States*, 389 F.2d 220, 223 (1968). Mr. Pitter and Mr. McDowell were therefore not entitled to a preliminary hearing.

**5. Magistrate Judge**

The magistrate judge asked for Mr. Pitter and Mr. McDowell to enter a plea during their initial appearance, which Mr. Pitter and Mr. McDowell contend exceeded the magistrate's authority. According to the government, Magistrate Jude O'Hara complied with the relevant rules of criminal procedure when Mr. Pitter and Mr. McDowell either pleaded not guilty or had not guilty pleas entered on their behalf by counsel. The government believes Mr. Pitter and Mr. McDowell misunderstand the power and authority of a magistrate judge.

8

Pursuant to Title 28 of the United States Code, magistrate judges have those powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts. 28 U.S.C. § 636(a)(1). Included in this power is the authority of the judge to ask a defendant to enter a plea. Rule 5(d)(4) of the Federal Rules of Criminal Procedure dictates that a defendant may be asked to plead only under Rule 10. Rule 10 ensures that at an arraignment, the defendant has a copy of the indictment or information, the judge reads or states the substance of the indictment to the defendant, and the judge asks the defendant to plead to the indictment. Fed. R. Crim. P. 5(a). An arraignment in accordance with Rule 10 is intended to be a safeguard for due process. *Merritt v. Hunter*, 170 F.2d 739, 741 (10th Cir. 1948).

Here, Judge O'Hara abided by Rule 5 and Rule 10 during the arraignment of Mr. Pitter (doc. 49) and Mr. McDowell (doc. 5). When Mr. Pitter and Mr. McDowell waived formal reading of the indictment, Judge O'Hara explained the applicable charges and penalties, and Mr. Pitter and Mr. McDowell either pleaded not guilty or not guilty pleas were entered for them by counsel (docs. 5, 49). Judge O'Hara did not exceed the authority bestowed upon him under Title 28 or the Federal Rules of Criminal Procedure.

### 6. Jurisdiction

Mr. Pitter and Mr. McDowell's final argument in support of their motion to dismiss is that the Court lacks subject matter jurisdiction, because the Federal Government's authority to regulate interstate commerce does not apply to the defendants

in this case. In their motion, Mr. Pitter and Mr. McDowell rely on *Wickard v. Filburn*, a Supreme Court case in which it was held constitutional for Congress, under the Commerce Clause, to impose penalties on farmers receiving benefits under a federal subsidy program. 317 U.S. 111 (1942). According to Mr. Pitter and Mr. McDowell, because they have never registered for benefits or received benefits from any federal agency regulating controlled substances, the Court has no jurisdiction over them.

Mr. Pitter and Mr. McDowell misconstrue the jurisdiction of federal district courts. Under the United States Code, district courts of the United States have original jurisdiction of all offenses against the laws of the United States. 18 U.S.C. § 3231. Criminal jurisdiction of courts of the United States is derived exclusively from acts of Congress. *Hudspeth v. Melville*, 127 F.2d 373, 375 (10th Cir. 1941) (citing *Jones v. United States*, 137 U.S. 202 (1890)). Thus, for the Court to have subject matter jurisdiction over a criminal defendant, Congress must have explicitly prescribed the criminal offense. *See Jerome v. United States*, 318 U.S. 101, 105 (1943). In this case, Mr. Pitter and Mr. McDowell have been charged in part with conspiracy to distribute and possess with the intent to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a) and 846, continuing criminal enterprise, in violation of 21 U.S.C. § 848, and using a communication facility, a cellular telephone, in facilitating the offense, in violation of 21 U.S.C. § 843(b).

The government points out that, contrary to Mr. Pitter and Mr. McDowell's argument, 21 U.S.C. §§ 841(a) and 846 are in fact within Congress's authority to regulate

interstate commerce. Section 841(a) states that it is unlawful for any person "knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The Tenth Circuit, in *United States v. Price*, explained that the activities described in § 841(a) are, by their nature, economic in character. 265 F.3d 1097, 1107 (10th Cir. 2001). They are therefore constitutional and do not exceed Congress's ability to regulate interstate commerce. *Id.* Furthermore, the *Price* court noted that if the underlying substantive provision is constitutional, a provision which criminalizes conspiracy to commit the underlying crime is also constitutional. *Id.* at 1107 n.2 (citing *United States v. Wacker*, 72 F.3d 1453, 1475 n. 18 (10th Cir. 1996)). Sections 846 and 848 are thus included in Congress's interstate commerce authority. Finally, the court in *Price* stated that 21 U.S.C. § 843(b) is within the bounds of Congress's power over interstate commerce. When a defendant violates § 843(b) by using a communication facility to facilitate a violation of § 841(a)(1), the substantial effect on interstate commerce is obvious. 265 F.3d at 1107.

Mr. Pitter and Mr. McDowell are mistaken in contending that the Federal Government's authority to regulate interstate commerce does not apply in this case. Also unconvincing are Mr. Pitter and Mr. McDowell's various other challenges to the Court's jurisdiction and related procedural claims. As a result, their arguments fail.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Pitter and Mr.

McDowell's motion to dismiss (doc. 481) is denied.

**IT IS SO ORDERED** this 3rd day of December, 2010.

 s/John W. Lungstrum
John W. Lungstrum
United States District Senior Judge