# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|                                    |     |                      |
|------------------------------------|-----|----------------------|
| UNITED STATES OF AMERICA,          | )   |                      |
|                                    | )   |                      |
| Plaintiff,                         | )   |                      |
|                                    | )   |                      |
| v.                                 | )   | Case No.  09-20133   |
|                                    | )   |                      |
| STEPHEN BLACKBURN,                 | )   |                      |
|                                    | )   |                      |
| Defendant.                         | )   |                      |
|                                    | )   |                      |

## MEMORANDUM AND ORDER

Defendant Stephen Blackburn has filed a "Motion to Recuse Judge James Lungstrum" [sic] (doc. 784).  He identifies nine reasons for the recusal: the court moved forward without requiring the government to establish jurisdiction on the record; the government has failed to state a claim under Rule 12 of the Federal Rules of Civil Procedure; the court denied Mr. Blackburn's subpoena requests; the court has provided no proof that it is an Article III court; the court argues the government's case; the court was deceptive when it denied Mr. Blackburn's right to invoke the 11th Amendment; the court has discriminated against Mr. Blackburn based on his race; the court violated international law by calling Mr. Blackburn's "Apostille and Act of State" frivolous; and the court perjured itself regarding Rule 17 of the Federal Rules of Criminal Procedure.

A judge is required to recuse himself when "his impartiality might reasonably be questioned," or "he has a personal bias or prejudice concerning a party."  28 U.S.C. §

455(a), (b)(1). Mr. Blackburn has not satisfied this standard.

The vast majority of Mr. Blackburn's allegations amount to complaints about the substance of this court's prior rulings. For example, document 565 denies several motions Mr. Blackburn filed and, in the process, explains that the court has jurisdiction, that the court is an Article III court, and that Mr. Blackburn is not a "secured party" or a sovereign who may claim 11th Amendment immunity. Mr. Blackburn clearly disagrees with these rulings, but adverse rulings almost never provide a basis for recusal, nor do opinions formed or expressed by a judge based upon the record, "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Mr. Blackburn has not identified any such antagonism; he merely reiterates his legal arguments. As such, these grounds do not require recusal.

Other grounds Mr. Blackburn raises are frivolous on their face—for example, Mr. Blackburn's suggestion that this court violated international law by characterizing an argument as frivolous or that the court perjured itself by quoting Rule 17 of the Federal Rules of Criminal Procedure. These assertions have no basis in law and cannot serve as legitimate grounds to request recusal.

Mr. Blackburn also suggests that this court has racially discriminated against him. This allegation is conclusory, and it is denied for that reason. *See, e.g.*, *Kennedy v. Smith*, 259 Fed. App'x 150, 156 (10th Cir. 2007); *Armstrong v. Bailey*, 101 Fed. App'x 780, 781 (10th Cir. 2004); *Berryhill v. Henry*, No. 10-091, 2010 WL 1798196, at *1

(E.D. Okla. 2010). Moreover, the court notes, nothing in the record even remotely supports Mr. Blackburn's bald allegation of racial discrimination. On the contrary, the court's rulings are all thoroughly explained and documented, and all are based soundly in existing case law.

Finally, the court concludes that Mr. Blackburn has filed this motion for the purpose of delay. Mr. Blackburn made no attempt to satisfy the standard for recusal and instead just rehashed legal arguments that have been rejected many times. Indeed, Mr. Blackburn has filed over fifteen motions and more than twenty-five documents entitled "notice" or "affidavit." The vast majority of these filings were duplicative and almost all were legally frivolous. In addition, Mr. Blackburn sought an interlocutory appeal (doc. 610), which this court deemed frivolous (doc. 623) and which the Tenth Circuit dismissed (doc. 655). Mr. Blackburn then filed a petition for mandamus with the Tenth Circuit (doc. 682), that is also frivolous (doc. 781). In light of Mr. Blackburn's history, his repetition of the same legal arguments, and this court's repeated and thorough rulings on those issues, the court finds that this motion for recusal was made for the purposes of delay.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to recuse (doc. 784) is **denied**.

**IT IS SO ORDERED** this 25th day of March, 2011.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge