**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.  09-20133 |
| ) | |
| **CURTIS PITTER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Defendant Curtis Pitter, also known as Michael Francois, has filed a "Motion Requesting the Court to Compel the Government to Produce the Certification [Documentation] of Title 21; and also the Legislative History, of the Enactment of Title 21 Per Se; By the Congress, the Senate, and the President" (doc. 816).  Although styled as a motion to compel, this document also raises other arguments concerning the sufficiency of the indictment and the court's jurisdiction.  Many of these issues have been raised by other defendants in this case; the court has thoroughly evaluated them and found them frivolous.  Similarly, the court denies Mr. Pitter's motion for the reasons discussed below.

1. Motion to Compel

Mr. Pitter asks this court to order the Government to produce documents relating to the certification of 21 U.S.C. § 841 and the legislative history of the enactment of

Title 21. Under Rule 16 of the Federal Rules of Criminal Procedure, however, the Government is not obligated to provide such documents to a defendant. Instead, the proper way for Mr. Pitter to assert his position that Title 21 is not an enforceable law would be through a motion to dismiss.

Such a motion, however, would fail on its merits. The court has heard these arguments in a motion to dismiss (doc. 606), two subpoena requests (docs. 625 & 713), and a motion to reconsider (doc. 690). Each time, the court denied the relief requested and concluded that the arguments were legally frivolous (docs. 668, 712, & 718). Moreover, the Tenth Circuit noted the argument concerning Title 21's certification, and agreed with this court's determination that it was meritless. *In re: Blackburn*, No. 11-3061, Doc. 01018611419 (Mar. 28, 2011).

2.    Applicability of Title 21

Mr. Pitter argues that Title 21 does not apply to him for a variety of reasons: it only applies to federal agencies (doc. 618, p. 7-10); it only applies to those registered with the government (doc. 618, p. 13); he did not sign a commercial contract with the government (doc. 618, p. 21-22); it only applies in the District of Columbia (doc. 618, p. 23-24).

These arguments are based on fundamental misunderstandings and misapplications of case law. As this court noted earlier (doc. 668), Title 21 is a generally applicable criminal statute that can be enforced against "any person." 21 U.S.C. § 846. Mr. Pitter's suggestions that it cannot be enforced against him are frivolous.

3.  Indictment

Mr. Pitter contends that the indictment was defective because it failed to allege a nexus to interstate commerce, failed to provide sufficient factual detail, and failed to invoke jurisdiction. "An indictment, or information, is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert a double jeopardy defense." *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009) (internal quotation marks and modification omitted). This court previously concluded that the conspiracy count of the indictment is sufficient (doc. 513), and Mr. Pitter offers no reason why the court should conclude differently now. Moreover, although an interstate nexus is not an element of the crime charged, the facts listed as Overt Acts include several interstate commerce transactions.

Thus, the indictment against Mr. Pitter is sufficient.

4.  Article III

Mr. Pitter suggests that this court is not a proper Article III court and thus is an "outlaw" court. This court has previously rejected this argument (doc. 565), and the Tenth Circuit as well has agreed that it is meritless, *Blackburn*, Doc. 01018611419, at 3. Again the court finds "no colorable support" for the contention that it is not an Article III court.

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's

3

motion to compel (doc. 816) is **denied**.

**IT IS SO ORDERED** this 5th day of April, 2011.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
