IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                      )<br>              Plaintiff,              )<br>                                                      )<br>     v.                                           )         Case No. 09-20133-02-JWL<br>                                                      )<br>CURTIS PITTER,                           )<br>a/k/a MICHAEL FRANCOIS-BEY, )<br>                                                      )<br>              Defendant.             )<br>                                                      )<br>_____) | |

## **MEMORANDUM AND ORDER**

Defendant is presently serving a term of imprisonment, imposed by this Court in 2011, of 360 months.  On May 8, 2020, acting *pro se*, defendant filed a motion titled as follows: "Motion Requesting an Emergency Hearing to Release Movant from All Contractual Obligations and Performances for Un-Due Burden, Burden, Due to an Act of God / Coronavirus" (Doc. # 1870).  In the motion, defendant seeks "an order to void and release him from all contractual obligations and performances" in his case, based on the COVID-19 pandemic.

Defendant has not cited any authority for his motion, which the Court interprets as a request for release from his sentence.  18 U.S.C. § 3582(c) provides that a court may not modify a term of imprisonment once imposed except under certain circumstances.  *See id.* The most applicable such exception may be found in Section 3582(c)(1)(A), which allows a court to reduce a term of imprisonment if such a reduction is warranted by extraordinary

and compelling reasons. *See id.* § 3582(c)(1)(A). Defendant has not indicated that he has satisfied that provision's exhaustion requirement, however. *See id.* (defendant may bring a motion after he has exhausted administrative appeals of the BOP's failure to bring a motion on defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden, whichever is earlier). Thus, such a motion would be subject to dismissal for lack of jurisdiction.

In his reply brief, defendant appears to deny that his motion is brought pursuant to that statutory exception. He has not identified any other authority, however, that would allow the Court to modify his sentence. Accordingly, defendant's motion is **dismissed for lack of jurisdiction**, without prejudice to the filing of a proper motion under Section 3582(c)(1)(A) once defendant has satisfied the exhaustion requirement.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for relief (Doc. # 1870) is hereby dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated this 27th day of May, 2020, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge